UNITED STATES FEDERAL COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE A. SALAZAR<br><br>                                   Plaintiff,<br><br>- against -<br><br>PROHEALTH PHARMACY, INC. d/b/a PROHEALTH PHARMACY and any other entities affiliated with, controlling, or controlled by PROHEALTH PHARMACY, INC. and ALEX NOSKOV and BORIS NIYAZOV individually,<br><br>                                   Defendants. | CIVIL ACTION<br><br>Jury Trial Requested<br><br>**COMPLAINT** |

Plaintiff, by his attorneys, Virginia and Ambinder, LLP, alleges upon knowledge to their self and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1.      This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. § 207; New York Labor Law § 663; 198-1(d) and 195; 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 146-1.4, and 1.6; and 146-2.2 and 2.3 to recover unpaid overtime compensation and compensation for failure to provide paystubs owed to Jose A. Salazar (hereinafter "Plaintiff"), by Prohealth Pharmacy Inc. d/b/a Prohealth Pharmacy, and any other entities affiliated with, controlling, or controlled by Prohealth Pharmacy Inc. and Alex Noskov and Boris Niyazov individually (hereinafter collectively referred to as "Defendants").

2.      Beginning in approximately April 2011, and upon information and belief, continuing through August 2016, Defendants have engaged in a policy and practice of requiring the Plaintiff to regularly work in excess of forty (40) hours each week, without being paid overtime wages as required by applicable federal and state law.

3. Beginning in approximately April 2011, upon information and belief, continuing through August 2016, Defendants have engaged in a policy and practice of failing to provide Plaintiff with a paystub for each pay period worked as required by applicable state law.

4. Under the direction of Defendants' corporate officers and/or directors Alex Noskov and Boris Niyazov, Defendants instituted this practice of depriving Plaintiff of overtime wages and failing to provide proper paystubs, as mandated by federal and state law.

5. Plaintiff has initiated this action seeking overtime compensation and damages arising out of Defendants' failure to provide wage notices and wage statements, plus interest, damages, attorneys' fees, and costs.

## THE PARTIES

6. Plaintiff Jose Salazar resides in the State of New York and was employed by Defendants from approximately April 2011 through August 26, 2016 primarily as a nutrition counselor at both Defendant pharmacy locations.

7. Defendant Prohealth Pharmacy, Inc., is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 385 Second Avenue, New York, NY 10010. Defendant Prohealth Pharmacy, Inc. is engaged in the pharmaceutical business and has two locations in Manhattan.

8. Upon information and belief, Defendants Alex Noskov and Boris Niyazov are residents of the State of New York and at all relevant times were officers, directors, and/or owners of Prohealth Pharmacy, Inc.

## JURISDICTION

9. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §§ 207 and 28 U.S.C. §§ 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. §1367

of the claims brought under the New York Law.

10. The statute of limitations under the FLSA for willful violations is three (3) years. See 29 U.S.C. §255(a).

11. The statute of limitations under the New York Labor Law is six (6) years. See New York Labor Law § 198(3).

## VENUE

12. Venue for this action in the Southern District of New York under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## FACTS

13. Plaintiff Jose Salazar worked for Defendants as a nutrition counselor, at their two Prohealth Pharmacy locations in Manhattan, from approximately April 2011 through August 2016.

14. Plaintiff typically worked 5 days each week.

15. During the relevant period, Plaintiff was typically required to work from approximately 11:00 a.m. until 9:00 p.m.

16. Plaintiff normally worked more than forty (40) hours each week.

17. Plaintiff was paid a flat hourly rate of between $21.00 and $23.00 for all hours worked including those worked over forty in one week.

18. Plaintiff was paid solely in cash.

19. Plaintiff was not provided with a paystub with his wages every week.

20. Plaintiff did not receive overtime wages for all hours worked over forty (40) each week.

21.     Upon information and belief, Defendant Prohealth Pharmacy, Inc. does business as Prohealth Pharmacy and has two Manhattan locations. One with address at 385 Second Avenue, New York, NY 10017, and the second at 370 Lexington Avenue, New York, NY 10010.

22.     Upon information and belief, Defendants operate as part of a single integrated enterprise that employed or jointly employed Plaintiff at all relevant times.

23.     Upon information and belief, Defendants are a single and/or joint employer under the FLSA and New York Labor Law in that they share a common business purpose and ownership, maintain common control, oversight and direction over the operations of the work performed by the Plaintiff, including payroll practices. Upon information and belief, each Defendant has had substantial control of Plaintiff's working conditions and over the unlawful policies and practices alleged herein

24.     Upon information and belief, Defendants Alex Noskov and Boris Niyazov at all relevant times were the presidents and/or owners of Prohealth Pharmacy, Inc., and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for Defendants' employees; and (iv) maintained employment records.

25.     Upon information and belief, Defendants Alex Noskov and Boris Niyazov were the principals and owners of Prohealth Pharmacy Inc., dominated the day-to-day operating decisions of Prohealth Pharmacy, Inc., and made major personnel decisions for Prohealth Pharmacy, Inc.

26.     Upon information and belief, Alex Noskov and Boris Niyazov had complete control of the alleged activities of Prohealth Pharmacy, Inc., which give rise to the claims

brought herein.

27. Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

28. Upon information and belief, Defendants engage in interstate commerce, produce goods for interstate commerce, or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

### FIRST CAUSE OF ACTION
### FLSA OVERTIME WAGES

29. Plaintiff repeats and re-alleges the allegations set forth above.

30. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

31. Pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

32. Prohealth Pharmacy, Inc. constitutes an employer within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

33. Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Alex Noskov and Boris Niyazov constitute "employers" for the purpose of the FLSA and, consequently, are liable for violations of the FLSA.

34. Plaintiff is an employee within the meaning contemplated in Fair Labor Standards

Act ("FLSA"), 29 U.S.C. §203(e).

35. Upon information and belief, Defendants failed to pay Plaintiff all earned overtime wages for the time they worked for Defendants in any given week.

36. The failure of Defendants to pay Plaintiff his rightfully owed wages was willful.

37. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## NEW YORK OVERTIME COMPENSATION LAW

38. Plaintiff repeats and re-alleges the allegations set forth above.

39. 12 NYCRR §146-1.4 requires that "[A]n employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

40. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

41. Alex Noskov and Boris Niyazov are employers, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

42. Plaintiff is an employee within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

43. Upon information and belief, Plaintiff worked more than forty hours a week while

working for Defendants.

44. Upon information and belief, Plaintiff did not receive overtime compensation for all hours worked after the first forty hours in a week.

45. Consequently, by failing to pay Plaintiff overtime compensation, Defendants violated New York Labor Law § 663 and 12 NYCRR § 146-1.4.

46. Upon information and belief, Defendants' failure to pay overtime compensation for work performed by Plaintiff after the first forty hours worked in a week was willful.

47. By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 146-1.4, and are liable to Plaintiff in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION
### NEW YORK IMPROPER PAY STUBS AND DOCUMENTATION

48. Plaintiff repeats and re-alleges the allegations set forth above.

49. Pursuant to New York Labor Law §§ 198-1(d) and 195 and 12 NYCRR § 146-2.2 and 2.3, an employer is required to provide its employee with a paystub that accurately reflects the rate of pay, the hours worked and the amounts deducted. The paystubs must include: the employee's rate or rates of pay; the overtime rate of pay, if the employee is subject to overtime regulations; the basis of wage payment (per hour, per shift, per week, piece rate, commission, etc.); any allowances the employer intends to claim as part of the minimum wage including tip, meal, and lodging allowances; the regular pay day; the employer's name and any names under which the employer does business (DBA); the physical address of the employer's main office or principal place of business and, if different, the employer's mailing address ; and the employer's telephone number.

50. According to New York Labor Law § 198-1(d), Plaintiff is entitled to $100 for every week in which he did not receive a pay stub.

51. Plaintiff did not receive paystubs each week that he worked.

52. By the foregoing reasons, Defendants have violated New York Labor Law §§ 198-1(d) and 195 and 12 NYCRR § 146-2.2 and 2.3 and are liable to the Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment:

1. on his first cause of action against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs;

2. on his second cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs;

3. on his third cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs; and

4. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       November 1, 2016

                            VIRGINIA & AMBINDER, LLP


                            By:_____s/Lloyd Ambinder_____
                                Lloyd R. Ambinder, Esq.
                                Leonor H. Coyle, Esq.
                                The Setai
                                40 Broad, 7th Floor
                                New York, New York 10002
                                (212) 943-9080
                                lcoyle@vandallp.com

*Attorneys for Plaintiff*